OREGON STEAM NAVIGATION COMPANY *vs.* CALVIN H. HALE,
*et al.*

A covenant, made between citizens of Washington Territory, and a corporation, in the State of Oregon, not to run a steamboat or allow its machinery to be employed on any other boat in any of the waters of the States of Oregon or California and many of the navigable waters of this Territory, is void, on the ground that it is against public policy.

A greater restraint cannot be imposed, than the interest to be protected requires.

Error to Second Judicial District.

*J. E. Wyche* and *Frank Clark* for plaintiff in error.

*B. F. Dennison, O. B. McFadden* and *C. C. Hewitt* for defendant in error.

Opinion by JACOBS, Chief Justice.

The question presented for decision in this action is whether

a covenant made between citizens of this Territory, and a corporation, in the State of Oregon, not to run a steamboat, nor to suffer it to be run, nor to allow its machinery to run any other boat, in any of the waters of the State of Oregon or of the State of California, and many of the navigable streams of this Territory, is valid, or is to be regarded as void, on the ground that it is opposed to the policy of the law.

Contracts in restraint of trade are of two kinds:

1.   Those in *general* or *total* restraint of trade.

2.   Those in partial or limited restraint of trade.

Those of the first class are void upon their face, and have been uniformly so held to be by English and American courts. For near two centuries all contracts in restraint of trade were included in this class and were therefore declared void. But as commerce and general business increased, and artisans of all kinds multiplied, this rule was felt to be unnecessarily rigorous. The first limitation of its general operation was made by the establishment of the distinction between contracts under seal and parol contracts. The courts for a time enforced the former but refused to enforce the latter. In other words, the rule was virtually changed into a law of evidence. But this distinction, having no sure foundation in reason or policy, was soon overthrown. Then came the present distinction between contracts in total restraint of trade, and those only in partial restraint, which is now firmly settled both by the adjudications in England and in this country. The first, as we have seen, were uniformly held void. The reasons are well stated by Morton, Justice, in the leading case in America, that of *Alger vs. Thatcher,* 19 Pick., 54. Among the reasons given by the learned Judge is the following:

"5. They expose the public to all the evils of monopoly. And this is especially applicable to wealthy companies and large corporations, who have means, unless restrained by law, to exclude rivalry, monopolize business, and engross the markets. Against evils like these, wise laws protect individuals and the public by declaring all such contracts void." In 13 Allen, 372,

*Taylor vs. Blanchard*, the Court say: "The law always regarded monopolies as hostile to the rights and interests of the public. One method of obtaining them in early times was by the grant frank of the sovereign to a particular individual of the sole right to exercise a particular trade. The mischief arising from these monopolies became so intolerable that the practice was suppressed by a clause in *Magna Charta*. This clause, however, does not apply to grants for the sole use of a new invention for a limited period. Copy-right and patent-right laws rest on this ground."

Another method by which monopolies were sought to be obtained was by private contracts, by which one of the parties bound himself not to engage in, nor carry on some particular trade or business, without any limitation of time or place. The restraint was usually sought to be effected by means of a bond with a heavy sum fixed by the obligor as liquidated damages. Thus persons and corporations attempted to hedge themselves around—to deprive the public of the benefits of competition and to secure a continuance of their monopoly.

The facts in this case show: First, That the California Company attempted upon the sale of this steamer to secure their monopoly of the navigable waters of California by the imposition of a heavy bond. Second, The Oregon Company attempts a security of their monopoly of the navigable waters of the Columbia river and its tributaries by the requisition of a like bond. Thus by two bonds, if valid, this fine steamer was excluded from the navigable waters of two great States. It would have required but one more bond, and that covering but a comparatively small area of territory, to have effectually excluded her from the then American waters on the Pacific Coast. It is not difficult to see the disastrous consequences to which such a policy, if sanctioned by the courts, would lead.

In *Michell vs. Reynolds*, 1 P. W., 181, which is usually cited as a leading case upon this subject, it was held that a contract not to use a particular trade within the kingdom was void, on the ground, that "it can never be useful to any man to restrain another from trading in all places, though it may to re-

strain him from trading in some places, unless he intends a monopoly, which is a crime."

The question as to what was a reasonable extent of territory, in contracts in partial restraint of trade, has been much discussed by different courts and judges. The earlier cases fix indefinitely the boundaries over which valid contracts in partial restraint of trade can extend, by negative declarations. In some cases it is said, that a radius of twenty, or fifty, or even one hundred miles is not too great. The only rule furnished for our guide in this respect is to consider the character and nature of the trade attempted to be restrained. In England, the rule is firmly established, that if the restraint extends all over the kingdom, it is unreasonable on its face and therefore void. In New York, the rule is settled, that if the prohibition extends over all the State it is unreasonable and therefore void. 6 Selden, 244.

The Supreme Court of that State have gone further and held, that a restraint extending to all the territory west of Albany is void. 10 Barb., 641. The general rule is adopted in Mass. 13 Allen, 272. There are dicta to the same effect in Ohio and other States. 2 Ohio, 528-9. In California, the rule is the same as in New York and Massachusetts. *Wright vs. Ryder,* 36 Cal., 342.

The above cited California case is peculiarly interesting, and directly in point. The facts of that case were, that the California Steam Navigation Company sold this same boat to the Oregon Steam Navigation Company for the sum of $75,000, and the covenant that she should not be run, nor should her machinery be used to run any other boat for ten years thereafter, in any of the navigable waters of California, including her rivers and her bays as well as ocean shore line. To secure the observance of the covenant made by the Oregon Steam Navigation Company, a bond was exacted, with the sum of $75,000 fixed as liquidated damages. The date of all was May, A. D., 1864. The boat was taken back to California within the prohibited time and run between San Francisco and Vallejo. A suit was brought, in which the validity of the bond and covenant was directly involved. The judgment of the Supreme

Court of California was, that the restraint was unreasonable and that the bond was therefore void. The Oregon Steam Navigation Company intervened in that suit, and by able counsel urged the court to support the bond which they had made.

This action is founded on a similar bond, given by the vendees of the Oregon Steam Navigation Company to plaintiff, or to themselves as vendors. The restraint attempted to be secured by the bond in this action is far more extensive than that of the California bond. The prohibition here is not only the navigable waters of California as before enumerated, but there is added to that the Columbia river and all its tributaries. In fact it sweeps over the Pacific coast, with the exception of the Straits of Fuca and Puget Sound. If the restraint imposed by the California covenant was unreasonable and therefore void, how much more so is this?

Again, the cases all agree that the covenantee must have some interest to be protected by the extension of the covenant. What interest, it may be asked, had the Oregon Steam Navigation Company in extending the restraint of their covenants over the waters of California, where the breach is alleged to have taken place. The probable, in fact the only answer is, that they and their assigns were bound by the covenant given by them to the California Company. Suppose such to be the case. All the authorities agree that in no case can a greater restraint be imposed than the interest to be protected requires. The only interest this Oregon Company had to be protected in the waters of California was that imposed by the condition of the bond executed by them to the California Company. That bond expired by its own limitation in May, A. D., 1874. But the bond taken by the Oregon Company from the defendants extended till A. D., 1877. The prohibition was greater than their interest required. Thence we are ot the opinion, that on this ground the covenant is unreasonable on its face and therefore void. 7 Bingh., 743; 21 Wend., 158.

It is very doubtful whether a person or corporation can acquire an interest in this manner, which can become the consideration of a contract for even a partial restraint of trade. If an

interest can thus be acquired, and that interest be protected by a pecuniary covenant, it would be an easy matter for a wealthy corporation, or a combination of wealthy corporations, to extend their interests over the whole of the United States. Certainly no case in point, sanctioning this doctrine, has been presented, and it is very doubtful whether any can be found. But it not being necessary to decide this point, we intend to express no positive opinion upon it.

Although we hold that the weight of authority settles the rule to be, that a person or corporation cannot hedge up a monopoly by contracts of this kind, and that a restraint extending over an entire State is invalid, yet there are some seeming exceptions to the latter part of the above proposition that require to be stated.

Particular routes of travel, whether by land or on a particular stream, though extending from one State to another, are excepted. *Pierce vs. Fuller*, 8 Mass., 223; *Palmer vs. Stebbins*, 3 Pick., 188; *Pierce vs. Westmoreland*, 6 Pick., 206; *Gilman vs. Dwight*, 13 Gray., 356; *Taylor vs. Blanchard*, 13 Allen, 374.

It has also been held that one may lawfully sell a right to carry on a secret trade, and bind himself not to carry it on nor divulge its secret, and the covenant may be general. *Vickery vs. Welch*, 19 Pick., 523; 13 Allen, 374.

So also of the use of a machine protected by a patent. *Stearns vs. Barrett*, 1 Pick., 443; 13 Allen, 374.

We find no error in the record and the judgment of the court below will be affirmed.